UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
  JANET LANDAETA et al.,                                                :
                                                                        :
                                    Plaintiffs,                         :   12 Civ. 4462 (JMF)
                                                                        :
                  -v-                                                   :   ORDER OF DISMISSAL
                                                                        :
  NEW YORK AND PRESBYTERIAN HOSPITAL,                                   :
  INC.,                                                                 :
                                                                        :
                                                                        :
                                    Defendant.                          :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/22/2014

JESSE M. FURMAN, United States District Judge:

      On May 21, 2014, the Court was advised that the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and scheduled for trial to begin on May 27, 2014, had reached a settlement. Accordingly, the Court directed the parties either to appear for a conference the following day to address the settlement's fairness and reasonableness, or to submit the settlement agreement and a joint letter addressing the fairness and reasonableness of the settlement in advance of the conference. (Docket No. 74). The parties submitted the settlement agreement and a joint letter before the conference. (Docket No. 75).

      Having reviewed the letter and settlement agreement, the Court finds that the overall settlement amount is fair and reasonable, given both the nature and scope of the Plaintiffs' claims as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at *1 (citation omitted), those concerns are not as strong when the plaintiffs no longer work for the defendant, as is the case here, *cf. Lujan v.*

*Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG), 2011 WL 3235628, at *2 (E.D.N.Y. July 27, 2011) (noting "the risk of explicit or implicit coercion in the employment context" in FLSA litigation); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG) (SMG), 2009 WL 3347091, at *11 (E.D.N.Y. Oct. 16, 2009), *report and recommendation adopted by* 07-CV-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) (noting the heightened concern over coercion in FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants, and . . . are dependent on defendants for employment").

The Court reserves judgment, however, on the percentage of the settlement allocated to attorneys' fees and costs, if only because Plaintiffs have not submitted any documentation supporting this amount.  *See, e.g.*, *Scott v. City of New York*, 626 F.3d 130, 132 (2d Cir. 2010) (noting that "all applications for attorney's fees [must] be supported by contemporaneous records").  Accordingly, Plaintiffs are directed to submit contemporaneous time records supporting the request for attorneys' fees, and documentation supporting the request for costs, by **May 30, 2014**.  (Plaintiffs may submit those materials by e-mail for review *in camera* or file them on ECF.)  In the event that the Court reduces the amount of attorneys' fees or costs, the payments to the individual Plaintiffs shall be increased in accordance with each Plaintiff's *pro rata* share of the settlement.

How the settlement is allocated among Plaintiffs and counsel does not ultimately bear on the fairness and reasonableness of the settlement.  Accordingly, and for the reasons set forth above, the settlement is approved.  The trial is therefore cancelled, and the case is dismissed — although the Court retains jurisdiction to adjudicate the allocation of the settlement among Plaintiffs and counsel, upon which it has reserved judgment.

The Clerk of the Court is directed to terminate Docket No. 75 and close this case.

SO ORDERED.

Dated: New York, New York
       May 22, 2014

                                                JESSE M. FURMAN
                                       United States District Judge