LEWIS, CLIFTON & NIKOLAIDIS, P.C.

ATTORNEYS AT LAW

350 SEVENTH AVENUE
SUITE 1800
NEW YORK, N.Y. 10001-5013
(212) 419-1500

FACSIMILE
(212) 419-1510

DANIEL E. CLIFTON
LOUIE NIKOLAIDIS ◊
ELAINE L. SMITH

JULIAN GONZALEZ
RACHEL S. PASTER

OF COUNSEL
MARK J. LOPEZ*

◊ ADMITTED IN NY AND NJ
* ADMITTED IN NY, NJ AND IL

EVERETT E. LEWIS (1924-2007)

NEW JERSEY OFFICE
340 GEORGE STREET
NEW BRUNSWICK, N.J. 08901
(732) 690-0100

May 30, 2014

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/02/2014
```

BY EMAIL

Hon. Jesse M. Furman
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:   **Landaeta et al. v. New York**
> **and Presbyterian Hospital, Inc.**
> **12-CV-4462 (JMF)**

Dear Judge Furman:

In accordance with your May 22, 2014 Order of Dismissal, we enclose, for *in camera* review, our firm's contemporaneous time records for the period of February 8, 2012 through May 22, 2014.

The time records reflect a total of 1,192.65 hours spent on this case from February 8, 2012 through May 22, 2014. That figure includes the time spent on (i) plaintiffs' retaliation claims which were dismissed, and (ii) plaintiffs' claims for retirement benefits under defendant's 401(k) plan. The pension claims, although not explicitly part of the FLSA complaint, were discussed in settlement talks between the parties and at the mediation sessions before Magistrate Judge Maas, and would potentially have been the subject of a subsequent ERISA action.

In reviewing the time records, it was possible to determine the time spent on the pension claims (71 hours), but it was not possible to determine, with any certainty, all of the time spent on the retaliation claims. However, I believe it is reasonable to estimate that the time spent on the pension and retaliation claims combined amounted to no more than half of the total time spent on this case.

The hourly rates, and hours worked, for the attorneys who performed work on this matter are as follows:

| Attorney | Hours worked | Hourly rate |
|---|---|---|
| Daniel E. Clifton | 141.40 | $400.00 |
| Louie Nikolaidis | 2.75 | $400.00 |
| Elaine Smith | 726.60 | $350.00 |
| Rachel Paster | 265.40 | $300.00 |
| Julian Gonzalez | 5.00 | $300.00 |
| Britt Leggett (paralegal) | 51.50 | $100.00 |

The attorneys are identified on the time records by their initials.

Based on the hours worked and the hourly rates set forth above, the total fee for plaintiffs' counsel in this case amounts to $402,662.  After subtracting half of the time for the work spent on unsuccessful claims, the fee would amount to $201,331.  The Settlement Agreement provides for the payment of $65,380 to plaintiffs' counsel (attorney's fees in the amount of $51,587, plus litigation costs in the amount of $13,793).

A breakdown of the litigation costs is set forth below.

| | |
|---|---|
| Filing fee | $350.00 |
| Service of process | 98.00 |
| Deposition transcripts | |
|     Ariel Lenarduzzi | 1,330.00 |
|     Evelyn Ramos | 1,011.25 |
|     Susan Mascitelli | 748.75 |
| Subpoena (Brian Thornton) | 40.00 |
| Court conference transcript (3-15-13) | 199.50 |
| Jason Office Products (photocopying) | 820.67 |
| Jason Office Products (summary judgment binding) | 66.84 |
| Staples (trial exhibit binders) | 105.68 |
| Courier service | 15.70 |
| Overnight delivery | 258.17 |
| Westlaw research | 1,271.02 |
| PACER | 27.70 |
| Linda Kelly (review of invoices and time records, and preparation of summaries) | 7,320.00 |

Total   $13,793.28

Given the amount of time spent on the successful claims by plaintiffs' counsel, the amount expended by counsel in costs and disbursements, and the full agreement of the plaintiffs as to the amount of the proposed counsel fees, I request that the allocation among plaintiffs and

counsel, as set forth in the Settlement Agreement, be approved by the Court.

Very truly yours,

Daniel E. Clifton

Enc.
cc:  Kenneth Kelly, Esq. (w/out enc.)

Upon review of this letter (as to which there appears no need or basis to maintain confidentiality) and the billing records, the Court finds that the proposed award of attorney's fees, while high relative to the size of the Plaintiff's claim and recovery, is not unreasonable given counsel's actual work on the case and the fact that this case was brought only on behalf of the three named plaintiffs and was neither a class nor a collective action.  See Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336-37 (S.D.N.Y. 2012).  Accordingly, the Court approves the settlement in its entirety, including the allocation of money among plaintiffs and their counsel.

SO ORDERED.

May 30, 2014